UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEAN HALL,

              Plaintiff,

    v.

NEW YORK CITY HOUSING DEPARTMENT,

              Defendant.

**MEMORANDUM & ORDER**
22-cv-6692 (HG) (SJB)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Dean Hall brings this *pro se* action against the New York City Housing Authority, alleging: (i) defamation, and (ii) deprivation of his civil rights in violation of 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, the complaint is dismissed, and Plaintiff is granted 35 days leave from the date of this Memorandum and Order to submit an amended complaint.

**BACKGROUND**

      Plaintiff brings this action against the New York City Housing Authority ("NYCHA"), stating that the "application department," sent him a letter "due to the fact that my urine tested positive for marijuana." Complaint, ECF No. 1 at 1–2. Plaintiff further states that the NYCHA "intended not to notify [him] of certain chang[es] due to the fact [that] marijuana became legalized and it was directed to several doctors that I use marijuana for recreational purposes and body resources[, and] for all sorts of recreation and enjoyment." *Id*. at 1. Plaintiff posits that

---

[1] Plaintiff does not explicitly state causes of action in his Complaint. *See generally* ECF No. 1. The Court liberally construes the Complaint to allege defamation and deprivation of his civil rights in violation of 42 U.S.C. § 1983.

"the main issue is my religion has been discriminated against," *id.* at 3, and further argues that the NYCHA has somehow defamed his character in order to "deter me from my religious culture[.]" *Id.* at 2.  Plaintiff seeks $5,000,000 in damages.  *Id.*

## LEGAL STANDARD

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action:  "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In addition, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte.  See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").  If a court lacks subject matter jurisdiction, it must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y*

*& H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against the Defendant so that it has adequate notice of the claims against it. *Iqbal,* 556 U.S. at 678 (finding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks omitted).

Here, the Court is unable to determine exactly what claims Plaintiff is attempting to allege against the NYCHA, as it is unclear why Plaintiff is suing. Plaintiff does not allege sufficient facts and does not provide the context for his application to the NYCHA, such as whether he sought employment, housing or something else. Thus, the Court cannot evaluate whether Plaintiff's allegations state a claim for relief. The Court, therefore, will dismiss the complaint without prejudice to allow Plaintiff to file an amended complaint.

Furthermore, to the extent Plaintiff alleges a claim for defamation "there is no federal cause of action for defamation because it 'is an issue of state law, not of federal constitutional law . . . .'" *Singletary v. Chalifoux*, No. 13-cv-4205, 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)).

## LEAVE TO AMEND

In light of the Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff 35 days leave to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). Plaintiff is advised that should he elect to file an amended complaint he must plead sufficient facts to allege a violation of his constitutional or federal rights and must comply with Rule 8(a) of the Federal Rules of Civil Procedure which requires a short and plain statement of his claim. Plaintiff must identify the defendant in both the caption and the body of the amended complaint and provide the dates and locations for each relevant event.

Plaintiff is advised that any amended complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 22-CV-6692 (HG) (SJB).

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice for failure to comply with Rule 8. Plaintiff is granted 35 days leave from the date of this Memorandum and Order to file an amended complaint as detailed above.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed for 35 days. If Plaintiff fails to amend the complaint within 35 days as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Hector Gonzalez  
HECTOR GONZALEZ  
United States District Judge

Dated: Brooklyn, New York  
November 28, 2022